UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**HILLARY SQUIRES**, an individual,

Plaintiff,

v.

**BIG LEAP LLC,**
A Domestic Limited Liability Company
**d/b/a COASTAL SOCIETY,**
**KIM NEPPEL** an individual,
jointly and severally

Defendants.

Hon.
Case No.

| | |
|---|---|
| **AVANTI LAW GROUP, PLLC**<br>Robert Anthony Alvarez (P66954)<br>Attorneys for Plaintiff<br>600 28th St. SW<br>Wyoming, MI 49509<br>(616) 257-6807<br>ralvarez@avantilaw.com | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

NOW COMES Plaintiff, by and through her attorneys at the Avanti Law Group, PLLC, and in her Original Complaint states as follows:

1. This is a civil action brought on behalf of Plaintiff to recover for Defendants' willful and knowing violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 *et seq*., and the Improved Workforce Opportunity Wage Act ("IWOWA"), M.C.L. §408.931 *et seq*.,

2. During the relevant time period, Defendants failed to pay Plaintiff overtime at the rate of one and one-half times her regular rate for hours worked in excess of forty (40) hours during a workweek.

3. On more than one occasion during the relevant time period, Defendants failed to properly compensate Plaintiff in a timely manner.

4. Plaintiff seeks a declaration that her rights were violated, an award of unpaid wages and overtime wages, an award of liquidated damages, and an award of attorney's fees and costs.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

6. This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367.

7. Supplemental jurisdiction is appropriate because Plaintiff's state law claims share a common nucleus of operative fact with Plaintiff's federal claims and the claims are most efficiently resolved together in one court.

8. Employees of Defendant Big Leap LLC, d/b/a Coastal Society ("Coastal") were either 1) engaged in commerce; or 2) engaged in the production of goods for commerce; or 3) employed in an enterprise engaged in commerce or in the production of goods.

9. Plaintiff was engaged in commerce either through 1) work related to the actual movement of commerce; 2) work that regularly uses the channels of commerce; or 3) work related to the instrumentalities of commerce.

10. Defendant Coastal's annual gross volume of sales made or business done is not less than $500,000.

11. Defendant Coastal employs more than two persons.

12. Defendant Kim Neppel ("Neppel") employs more than two persons.

2

13. Defendant Coastal is and was at all times relevant incorporated in the State of Michigan and has a principal place of business located in Wyoming, Michigan, within the United States Judicial District of the Western District of Michigan.

14. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this Complaint occurred in this District.

## PARTIES

15. Plaintiff Hillary Squires is an individual who at all times relevant to this complaint resided in the County of Allegan, State of Michigan.

16. Plaintiff executed a consent to sue form, attached hereto as *Exhibit A*.

17. Defendant Big Leap LLC, d/b/a Coastal Society (hereinafter referred to as "Coastal ") is a domestic limited liability company whose registered office is located at 101 W. Shore Wood, Douglas Michigan, 49406.

18. Defendant Coastal is a Boutique and Craft Cocktail Bar.

19. Defendant Kim Neppel (hereinafter referred to as "Neppel") is an individual who at all times relevant to this complaint was Plaintiff's direct supervisor and is the owner and resident agent of Defendant Coastal.

20. Defendant Neppel at all relevant times to this complaint set Plaintiff's schedule, directed Plaintiff's activities at work, set Plaintiff's rate of compensation, and was responsible for compensating Plaintiff.

21. Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

**GENERAL ALLEGATIONS**

22. Plaintiff worked for Defendants from approximately January 19, 2019, through March 30, 2023.

23. Plaintiff was a bartender and worked in the boutique as a cashier when needed.

24. Plaintiff's job responsibilities included, among other things, opening the restaurant, prepping the food, setting up the igloos, turning on the appliances in the kitchen, prepping the bar area for services, and assisting customers in the boutique when needed.

25. Plaintiff's primary duty throughout her employment was providing direct services to customers and manual labor related to providing those services.

26. Plaintiff worked from 11 am to 12 am, on Wednesday through Sunday, during the summer averaging a 65-hour work week.

27. During the Winter she worked from 11 am to 11 pm on Friday, Saturday, and Sunday, averaging a 30-hour work week.

28. On occasions Plaintiff would perform work and forget to clock in. Plaintiff notified Defendant Neppel about these incidents, but Defendant often dismissed Plaintiff's comments, and the clock in times would not be properly corrected.

29. Plaintiff also performed work for about an hour a week before the start of her shift almost every week during her employment such as picking up groceries.

30. Plaintiff was paid at an hourly rate of $7/hr to $10/hr by the end of her employment.

31. Plaintiff was not paid on a salary basis.

32. Plaintiff was misclassified as an independent contractor and this had no withholdings deducted from her pay.

33. Plaintiff did not receive checks or pay stubs, she would be compensated through Zelle and/or Venmo. She received a check about 5 times during her employment.

34. Plaintiff was required to make a Venmo account so she could receive her compensation.

35. Plaintiff earned tips when working with Defendants. Defendant Neppel withheld her tips.

36. Plaintiff would complain to Defendant Neppel about her compensation not being accurate on at least three separate occasions.

37. Defendants did not compensate Plaintiff for all hours worked as required by the FLSA and IWOWA.

38. Defendants did not compensate Plaintiff at a rate of one and one-half times her regular hourly rate for all hours worked over forty (40) hours per week as required by the FLSA.

39. Defendants did not compensate Plaintiff at a rate of one and one-half times her regular hourly rate for all hours worked over forty (40) hours per week as required by the IWOWA.

## **WILLFUL VIOLATIONS OF THE FLSA**

40. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff her wages for all hours worked, when Defendants knew or should have known such was due and that non-payment of wages would financially injure Plaintiff.

41. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory overtime rate of one and one-half times her regular rate for all hours worked in excess of forty (40) hours per week, when Defendants knew or should have known such was due and that non-payment of overtime wages would financially injure Plaintiff.

42. Defendants are a sophisticated business and an individual with the knowledge and expertise to know that the payment structure of Plaintiff was and is impermissible under the FLSA.

43. Defendant Neppel utilized Defendants Coastal to subvert her obligations under state and federal law.

44. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to her unpaid minimum and overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

### COUNT II
### VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 et seq., FAILURE TO PAY OVERTIME

45. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

46. At all relevant times, Defendants have been "employer[s]" within the meaning of the FLSA, 29 U.S.C. § 203.

47. At all relevant times, Plaintiff was an "employee" of Defendants as the term is defined under the FLSA.

48. At all times relevant to this action, Defendants "suffered or permitted" Plaintiff to work and thus "employed" Plaintiff within the meaning of the FLSA, 29 U.S.C. §203(g).

49. The FLSA requires an employer to pay employees the federally mandated minimum wage as well as an overtime premium rate of one and one-half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek, 29 U.S.C. §206.

50. By failing to compensate Plaintiff at a rate not less than one and one-half times her regular rate of pay for work performed in excess of forty (40) hours in a workweek,

Defendants violated the FLSA, 29 U.S.C. § 201, *et seq.*, including 29 U.S.C. § 206(a)(1), § 207(a)(1) and § 215(a).

51. Plaintiff was not paid at the rate of one and one-half times her regular rate of pay for hours worked in excess of forty (40) hours in a workweek.

52. Defendants' violations of the FLSA were knowing and willful.

53. The FLSA, 29 U.S.C. §216(b), provides that as a remedy for a violation of the FLSA an employee is entitled to her unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

54. As a result of Defendants' violation, Plaintiff is entitled to her unpaid overtime wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests the following relief:

A. The actions of the Defendants complained of herein be adjudicated, decreed, and declared a breach of their obligations under the FLSA;

B. The actions of the Defendants complained of herein be adjudicated, decreed, and declared a breach of their obligations under the IWOWA;

C. Defendants be ordered to pay Plaintiff her unpaid wages together with an equal amount in liquidated damages;

D. Defendants be ordered to pay Plaintiff's costs and reasonable attorney fees pursuant to the FLSA;

E. Defendants be ordered to pay Plaintiff's costs and reasonable attorney fees pursuant to the IWOWA;

F.      The Court grants such other and further relief as the Court may deem just or equitable.

Dated:  June 07, 2023                    Respectfully Submitted,

*/s/   Robert Anthony Alvarez*                    .
Robert Anthony Alvarez (P66954)
Attorney for Plaintiff
Avanti Law Group. PLLC

## REQUEST FOR TRIAL BY JURY

NOW COMES Plaintiff, by and through her attorney, and hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: June 07, 2023                    Respectfully Submitted,

*/s/   Robert Anthony Alvarez*                    .
Robert Anthony Alvarez (P66954)
Attorney for Plaintiff
Avanti Law Group. PLLC

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

Date: 5/16/2023   /s/ _____

Hillary Squires